UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LIONEL TOYE,

                                  **Petitioner,**

v.                                                             9:15-CV-515 (BKS/DJS)

**STEVEN RACETTE,**

                                  **Respondent.**
_____

**Appearances:**

Lionel Toye
11-A-0726
Attica Correctional Facility
Box 149
Attica, NY 14011
Petitioner, pro se

Michelle Elaine Maerov, Esq.
Hon. Eric T. Schneiderman
Office of New York State Attorney General
120 Broadway
New York, NY 10271
Attorney for Respondent

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

*Pro se* Lionel Toye petitions this Court for a writ of habeas corpus, under 28 U.S.C. § 2254, challenging his state conviction for robbery in the first degree, in violation of N.Y. Penal Law § 160.15(4), and criminal possession of stolen property in the fifth degree, in violation of N.Y. Penal Law § 165.40. (Dkt. No. 1); *see People v. Toye*, 107 A.D.3d 1149, 967 N.Y.S.2d 210 (3d Dept. 2013). The Respondent has filed a response to the petition, and Petitioner has

submitted a traverse and supplemental replies in response. (Dkt. Nos. 8, 32, 35, 37). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on June 7, 2017, issued a Report-Recommendation and Order recommending that the petition be denied and dismissed. (Dkt. No. 44). Magistrate Judge Stewart recommended that no Certificate of Appealability be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). (Dkt. No. 44, at 30-31). Magistrate Judge Stewart informed the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. Petitioner filed objections to the Report-Recommendation on July 31, 2017 and also filed supplemental objections on August 21, 2017. (Dkt. Nos. 55, 57).

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atlantic Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## III.    DISCUSSION

Petitioner has asserted claims challenging: (1) the sufficiency of the evidence of robbery in the first degree; (2) ineffective assistance of counsel; (3) the failure to reduce the robbery

2

conviction to robbery in the second degree; (4) the suggestive nature of the show-up identification procedure; and (5) the harsh and excessive nature of the sentence. (Dkt. No. 1). Petitioner seeks an evidentiary hearing. (Dkt. Nos. 38-1, 41).

After thoroughly reviewing the facts and the law, Magistrate Judge Stewart recommended that Petitioner's sufficiency challenge be denied because he failed to meet his heavy burden of establishing that the Appellate Division's rejection of his sufficiency claim was objectively unreasonable. (Dkt. No. 44, at 22-24). With respect to a reduction of the offense to robbery in the second degree, Magistrate Judge Stewart noted that Petitioner's counsel had declined to seek this lesser included offense after conferring with Petitioner; that the claim was procedurally defaulted; and that Petitioner failed to establish cause for the procedural default or evidence that he is actually innocent. (Dkt. No. 44, at 24-27).

Magistrate Judge Stewart concluded that the county court's denial of Petitioner's ineffective assistance of counsel claim was not an objectively unreasonable application of the standards in *Strickland v. Washington*, 466 U.S. 668 (1984), and that his ineffective assistance claim arising out of the grand jury proceeding was not cognizable on habeas review. (Dkt. No. 44, at 13-22). Magistrate Judge Stewart denied Petitioner's request for an evidentiary hearing on the ineffective assistance of counsel claim noting that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." (Dkt. No. 44, at 17-18) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011)).

Magistrate Judge Stewart concluded that the New York State Appellate Division's rejection of Petitioner's suggestive identification procedure claim was neither contrary to, nor an unreasonable application of clearly established Supreme Court precedent. (Dkt. No. 44, at 27-29). While the Petitioner did not exhaust his remedies regarding his challenge to the harshness

of the sentence, Magistrate Judge Stewart recommended that this claim be denied on the merits because it was within the range prescribed by law and therefore does not provide a basis for habeas relief. (Dkt. No. 44, at 29-30).

### A.     Petitioner's Objections to the Report-Recommendation

Petitioner objects to Magistrate Judge Stewart's recommendation regarding his ineffective assistance of counsel claim and the denial of his request for an evidentiary hearing. (Dkt. Nos. 55, 57). Specifically, Petitioner argues that the county court unreasonably applied *Strickland* or made an unreasonable determination of the facts in light of the record before it regarding ineffective assistance concerning a pre-indictment plea offer of two to four years. 28 U.S.C. § 2254(d)(1), (2). Petitioner claims that before he was indicted for first degree robbery, a Class B felony, the District Attorney's Office offered a plea to robbery in the third degree, a non-violent Class D felony, with an indeterminate sentence of two to four years and that "his attorney allowed him to reject such offer without giving him any advice as to the wisdom of so doing." (Dkt. No. 55 at 1). Petitioner claims by rejecting this pre-indictment plea offer he subjected himself to indictment for robbery in the first degree, with increased time for imprisonment, and a hearing under N.Y. Crim. Proc. Law § 400.16 as a persistent violent felony offender. (*Id.* at 7). Petitioner claims that the county court acted prematurely by denying the § 440.10 motion five days after the People responded to the motion, without given Petitioner time to file a reply. (Dkt. No. 55 at 13). Petitioner seeks "an evidentiary hearing to resolve factual disputes" underlying his claim that he was not adequately advised regarding the plea offer. (*Id*. at 11). He asserts that the lack of factual development in the county court "was not due to any fault of Petitioner's, but rather to the failure of the state court to hold a hearing." (*Id.* at 10).[1]

---

[1] Petitioner also challenges Magistrate Judge Stewart's conclusions: (1) that there is no federally-cognizable ineffective assistance claim concerning advice regarding the state grand jury process; and (2)

B.      **Ineffective Assistance of Counsel**

In this case, the county court denied Petitioner's § 440.10 motion to vacate based on ineffective assistance of counsel under N.Y. Crim. Proc. Law § 440.10(4)(d), which provides that "*[u]pon considering the merits* of the motion, the court may deny it without conducting a hearing" if certain conditions exist, including the condition here that "there was no reasonable possibility" that the Petitioner's allegation was true. (Dkt. No. 20-1). The Court finds that this was a decision on the merits. *See Carrion v. Smith*, 549 F.3d 583, 587 (2d Cir. 2008); *Garcia v. Portuondo*, 104 Fed. App'x 776, 789 (2d Cir. 2004); *Munck v. Amoia*, No. 9:16-CV-0118 (GLS), 2016 U.S. Dist. LEXIS 106831, at *13 n.3, 2016 WL 4275737, at *4 n.3 (N.D.N.Y. Aug. 12, 2016) (agreeing with "decisions finding that a state court rejection of a CPL § 440.10 motion pursuant to CPL 440.30(4)(d), is merit based"). A habeas corpus application regarding any claim adjudicated on the merits must be denied unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

To demonstrate constitutionally ineffective assistance of counsel, a petitioner "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks omitted); *see Strickland*, 466 U.S. at 688. "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S.

---

that the Appellate Division's sufficiency ruling was not objectively unreasonable (Dkt. No. 57, at 1-18). The Court has reviewed these claims *de novo* and agrees with Magistrate Judge Stewart, for the reasons set forth in the Report-Recommendation. (Dkt. No. 44, at 18-19, 22-24).

86, 110 (2011) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted).  As a general matter, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

With respect to plea negotiations, it is "a lawyer's general duty to advise a defendant concerning acceptance of a plea bargain." *Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015) (quoting *Cullen v. United States*, 194 F.3d 401, 404 (2d Cir. 1999)).  Adequate advice usually includes "providing information about 'the strengths and weaknesses of the case against [the defendant] as well as the alternative sentences to which he will most likely be exposed.'" *Fulton*, 802 F.3d at 265 (quoting *Purdy v. United States*, 208 F.3d 41, 45 (2d Cir. 2000)).  To establish prejudice with respect to alleged ineffective assistance resulting in a rejection of the plea offer, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo v. Moore*, 562 U.S. 115, 122 (2011) (citations and internal quotation marks omitted).  When evaluating an ineffective assistance claim under section 2254(d), "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted).

### C. Petitioner's Motion Under N.Y. Crim. Proc. Law § 440.10

In support of his motion to vacate, Petitioner submitted a sworn affidavit asserting that his attorney, Joseph McCoy, "failed to advise defendant on propriety of accepting plea offer of 2-4 years, and instead simply communicated offer without benefit of his professional opinion or

advice." (Dkt. No. 20-1 at 45). Petitioner asserted that McCoy did not "advise the defendant of his possible or potential sentencing exposure after indictment." (*Id.* at 47). Petitioner noted that after he complained about McCoy, the court assigned another attorney, Mr. Berry, to his case. (*Id.* at 48). Petitioner asserts that Berry "noted the rejected plea offer," but that Berry "did not consult with defendant, as to whether or not accepting plea offer would have been advisable," and that Berry "did not counsel or advise defendant on propriety of accepting plea." (*Id.* at 48). The court assigned a third attorney, George Mehm, to represent Petitioner following the Petitioner's complaints about Mr. Berry. (*Id.*). Mehm was, according to Petitioner, "like his predecessors." (*Id.* at 54.) Petitioner asserted that Mehm "did not discuss possible plea negotiations, despite the defendant's willingness to plea, and avoid enhanced sentencing." (*Id.*). Petitioner retained private counsel Glen Hammond to represent him at trial. (*Id.* at 48). Petitioner asserted that Hammond "failed to confer with defendant regarding any possible defenses." (*Id.*) The New York Appellate Division considered and rejected Petitioner's ineffective assistance claim regarding Hammond's trial performance. *People v. Toye*, 107 A.D.3d 1149, 1152, 967 N.Y.S.2d 210, 213-14 (3d Dept. 2013).

The People opposed Petitioner's motion to vacate, arguing that the court should deny it under N.Y. Crim. Proc. Law § 440.30(4)(d) because the facts necessary to support the motion were "made solely by the defendant and . . . unsupported by any other affidavit or evidence," and under "all the circumstances attending the case, there is no reasonable possibility" that the Petitioner's allegations are true. (Dkt. No. 20-1, at 15).[2] The Assistant District Attorney noted that the Petitioner admits that he was aware of the two-to-four year plea offer; that the

---

[2] Under N.Y. Crim. Proc. Law § 440.30(4)(d), a court considering the merits of a motion to vacate may deny it without conducting a hearing if "[a]n allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true."

Petitioner's claim that he was not properly counseled regarding the plea offer was unsupported by any other affidavit or evidence; that during the course of this proceeding Petitioner asserted that four consecutive attorneys all failed to counsel him at various stages in his case; and that Petitioner's claims were implausible. (*Id*. at 14-19).[3]

The county court denied the Petitioner's motion without a hearing in accord with N.Y. Crim. Proc. Law § 440.30(4)(d) because the Petitioner's claims were unsupported by any other affidavit or evidence and "under the circumstances of this case, there is no reasonable possibility that the allegations are true." (Dkt. No. 20-1, at 4-11). The court found it significant that Petitioner's motion entirely omitted the post-indictment plea offer, of twelve to life, that he had twice rejected. (Dkt. No. 20-1, at 7). The twelve-to-life offer was initially made a week after indictment, and the court adjourned the proceedings to give Petitioner time to consider it. (*Id.*). In an appearance on April 19, 2010, with his attorney Joseph McCoy, Petitioner "indicated his understanding of the plea offer and stated that he was rejecting the plea offer." (Dkt. No. 20-1, at 7). Because "[t]hat offer was then withdrawn and there was no plea offer in existence during the time that Berry was representing" Petitioner, "[i]t would have been impossible for Berry to have failed to counsel defendant on an offer that did not exist." (*Id.*). Petitioner rejected the twelve-to-life offer a second time, at the suppression hearing when Petitioner was represented by Mehm. (*Id.* at 8). The court noted that the Petitioner "was fully informed of the offers being 12 to life and he evidenced his unwillingness to plead by twice rejecting the plea offers." (*Id.*).

With respect to a pre-indictment offer, the court noted that while pre-indictment proposals for felony pleas are presented to the court for approval, the procedures do not provide

---

[3] The two-to-four year plea offer was, according to this affidavit, "withdrawn after it was rejected early in the proceedings." (Dkt. No. 20-1, at 14). The Respondent notes that the district attorney's records reflect that a pre-indictment offer was made, but do not indicate the charge or the sentence that was offered. (Dkt. No. 8-1, at 22 n.8)

for a court appearance to reject a pre-indictment offer, and the court did not recall approving a pre-indictment offer of two to four years, or find any records reflecting that offer. (*Id.* at 6, 8-9). In any event, with respect to Petitioner's claim that he was not counseled on that pre-indictment offer, the court noted that Petitioner had failed to submit "any evidence in support of this allegation concerning a lack of explanation or made sworn allegations of fact to support such an allegation,"[4] and that Petitioner had failed to submit an affidavit from McCoy or explained the absence of any such affidavit. (*Id.* at 9). The court noted that on July 15, 2010, Petitioner's second attorney – Berry – informed the court that Petitioner "indicated to me very clearly that he didn't accept two to four prior to indictment. Why would [he] take 12 to life or anything above that?" (*Id.* at 9-10). Based on the record, the court found that "there were conversations concerning plea offers and that defendant's reason for not accepting a plea agreement was that he did not want to plead guilty rather than being due to a lack of adequate explanation from his attorney." (*Id.* at 10). The court concluded that "under the circumstances of this case, there is no reasonable possibility that the allegations are true," denied the motion to vacate under § 440.30(4)(d). (*Id.* at 11).

**D.    Analysis**

After reviewing *de novo* Magistrate Judge Stewart's recommendation regarding ineffective assistance of counsel in connection with the pre-indictment plea offer, the Court agrees that the county court decision was neither "contrary to" nor "an unreasonable application"

---

[4] The Court notes that the Petitioner's affidavit is sworn, and that he did provide some bare bones facts: he stated that McCoy did not counsel or advise Petitioner "of propriety of accepting plea" or "of the potential sentencing exposure after indictment." (Dkt. No. 20-1, at 46-47). The county court recognized these claims made by Petitioner, *see* Dkt. No. 20-1 at 5, and under the circumstances of this case, considering Petitioner's allegations against multiple counsel and his significant omissions, any failure to consider the fact that his affidavit was sworn could not have had a meaningful effect on the county court's decision. *See O'Quinn v. Spiller*, 806 F.3d 974, 978 (7th Cir. 2015) (noting that "it cannot be argued that [a] modest factual mistake had any meaningful effect on the state court's decision. The factual error had no constitutional significance").

of *Strickland*, and that it was not based on "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

A state court's determination of a factual issue is "presumed to be correct," and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, the Petitioner challenged each of the four attorneys who represented him for failing to provide adequate counsel; he entirely omitted any reference to the discussions that led to his rejection of the post-indictment plea offers in proceedings before the county court judge; his allegation that his third attorney – Mehm – failed to discuss plea negotiations was contradicted by the record; and Petitioner failed to submit any other affidavit or evidence in support of his bald allegations that McCoy failed to adequately advise him about the pre-indictment plea. The Court also notes that Petitioner's sworn assertion that McCoy did not advise him regarding the plea offer is inconsistent with the Petitioner's representations to the county court when he rejected the twelve-to-life offer on April 19, 2010. Petitioner then described advice that McCoy provided about the two-to-four year offer, which included advice about the impact of Petitioner's undischarged parole sentence. (Dkt. No. 10-1, at 8-9). Petitioner acknowledged that McCoy correctly informed Petitioner that his parole sentence would run consecutively to the two-to-four-year sentence. (*Id.*).[5] The presumption of correctness to the court's factual findings –"there were conversations concerning plea offers and that defendant's reason for not accepting a plea agreement was that he did not want to plead guilty rather than being due to a lack of adequate explanation from his attorney," and "there is no reasonable possibility the allegations are true" –

---

[5] At that hearing Petitioner told the court that he would have taken the two-to-four-year offer if he had known that the two years and three months left on his parole sentence "would go on the back," making it two to six, which he described as a "misconception . . . with my counsel." (Dkt. No. 10-1, at 9).

10

has not been rebutted.[6]  And the county court's denial of Petitioner's ineffective assistance of counsel claim in connection with the pre-indictment plea offer was not an unreasonable determination of the facts in light of the evidence presented.

Finally, Magistrate Judge Stewart correctly determined that that there is no basis for an evidentiary hearing because when a claim has been adjudicated on the merits in state court, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim."  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

The Court has reviewed the remaining portions of the Report-Recommendation for clear error and found none.  Therefore it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 44) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  Any further request for a COA must be addressed to the Court of Appeals, in accord with Fed. R. App. P. 22(b); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with

---

[6] Even the letter to McCoy that Petitioner submitted to the county court, in his reply following the court's ruling, does not support the Petitioner's allegation.  The letter does not document any complaint about inadequate advice; Petitioner complained about McCoy's failure to give him *advance notice* of the pre-indictment offer.  In the letter, Petitioner asked McCoy for an affidavit acknowledging that Petitioner complained to the court on April 5, 2010 about McCoy's failure to tell Petitioner about the offer until the grand jury date.  (Dkt. No. 20-1 at 38; *see also* Dkt. No. 55 at 17 (letter to court reporter seeking a transcript of April 5, 2010 proceeding where Petitioner informed Court that his attorney refused to notify him of the two-to-four year plea offer "in advance" of the grand jury date)).

11

the Local Rules.

**IT IS SO ORDERED.**

**Dated:  February 2, 2018**

Brenda K. Sannes
U.S. District Judge